1
2
3
4
5
6                          IN THE UNITED STATES DISTRICT COURT

7                              FOR THE DISTRICT OF ARIZONA

8
9   Sandee Smith,                          )     No. CV 12-780-TUC-CKJ (BPV)
                                           )
10            Plaintiff,                    )     **REPORT & RECOMMENDATION**
                                           )
11  vs.                                     )
                                           )
12                                          )
    Hewitt Associates, L.L.C.,             )
13                                          )
              Defendant.                    )
14                                          )
                                           )
15  _____    )

16

17          Pending before the Court is Defendant's Motion to Dismiss (Doc. 4).   For the

18  following reasons the Magistrate Judge recommends that the District Court grant Defendant's

19  Motion to Dismiss.

20  **I.       FACTUAL & PROCEDURAL BACKGROUND**

21          Plaintiff filed this *pro se* action in state court seeking to recover benefits that he

22  alleges are owed to him under a "health care spending account", which Defendant contends

23  is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").  (Doc.

24  1).  On October 23, 2012, Defendant removed the action to this Court. (*Id.*).

25          On October 30, 2012, Defendant filed the instant Motion to Dismiss for failure to state

26  a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 4).  On

27  November 5, 2012, the Court entered an order advising Plaintiff, among other things, that

28  pursuant to LRCiv 7.2(i), Rules of Practice of the U.S. District Court for the District of

1  Arizona, his failure to respond to Defendant's Motion by December 5, 2012, may be deemed
2  as Plaintiff's consent to the granting of Defendant's Motion to Dismiss and that the Court
3  may enter judgment against Plaintiff without further notice.  (Doc. 6). The time to respond
4  to Defendant's Motion has passed and Plaintiff has not filed a response.

5  **II.    DISCUSSION**

6        Under LRCiv 7.2(i), if the opposing party to a motion, such as a motion to dismiss,
7  "does not serve and file the required answering memoranda ...such non-compliance may be
8  deemed a consent to the denial or granting of the motion and the Court may dispose of the
9  motion summarily."  LRCiv 7.2(i). "[F]ailure to follow a district court's local rules is a
10  proper ground for dismissal." *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995) (affirming
11  dismissal of action pursuant to a local rule similar to LRCiv. 7.2(i) where the plaintiff failed
12  to file an opposition to the defendant's motion to dismiss).  "*Pro se* litigants must follow the
13  same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th
14  Cir. 1987)"), *overruled on other grounds by Lacey v. Maricopa County,* 693 F.2d 896 (9th
15  Cir. 2012).  *See also Ghazali,* 46 F.3d at 54 ("*pro se* litigants are bound by the rules of
16  procedure").

17        Whether to dismiss the action for failure to respond to a motion to dismiss is within
18  the trial court's discretion.  *Ghazali,* 46 F.3d at 53.  In exercising its discretion, the trial
19  "court is required to weigh several factors: '(1) the public's interest in expeditious resolution
20  of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
21  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
22  availability of less drastic sanctions.'" *Id*. (*quoting Henderson v. Duncan*, 779 F.2d 1421,
23  1423 (9th Cir.1986)).

24        Here, the first three factors tip the balance in favor of dismissal.  Although public
25  policy favors disposition of cases on their merits, Plaintiff's failure to respond to Defendant's
26  Motion serves to defeat this goal. Moreover, as to the fifth factor, Plaintiff's failure to
27  respond to Defendant's Motion despite the Court's express warning of the consequences
28  supports the conclusion that imposition of less drastic sanctions would not be beneficial. *See*

*Henderson,* 779 F.2d 1421 (affirming dismissal where the plaintiff failed to meet deadlines despite court's express warning of consequences).  Indeed, in such a case as this, the Ninth Circuit has affirmed dismissal.  *See Ghazali,* 46 F.3d at 53-54.

**III.    CONCLUSION**

The time to respond to Defendant's Motion has expired and Plaintiff has not filed a response.  Plaintiff has been advised that his failure to file a timely response may be deemed as his consent to the granting of Defendant's Motion.  The factors identified by the Ninth Circuit for consideration in such cases support granting Defendant's Motion to Dismiss pursuant to LRCiv. 7.2(i).

**IV.    RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court grant Defendant's Motion to Dismiss (Doc. 4) pursuant to LRCiv. 7.2(i).

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed.R.Civ.P. 72(b)(2). If objections are filed, the parties should use the following case number: **CV 12-780-TUC-CKJ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to *de novo* review of the issues.  *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 28th day of February, 2013.


Bernardo P. Velasco
United States Magistrate Judge